# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | No. 12-md-02311<br>Hon. Sean F. Cox |
| In Re: Heater Control Panels<br>In Re: Occupant Safety Systems<br>In Re: Switches<br>In Re: Ignition Coils<br>In Re: Steering Angle Sensors<br>In Re: Electric Powered Steering Assemblies<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Air Conditioning Systems<br>In Re: Automotive Constant Velocity Joint Boot Products<br>In Re: Automotive Hoses<br>In Re: Shock Absorbers<br>In Re: Body Sealing Products<br>In Re: Interior Trim Products<br>In Re: Automotive Brake Hoses<br>In Re: Exhaust Systems<br>In Re: Ceramic Substrates<br>In Re: Power Window Switches<br>In Re: Automotive Steel Tubes<br>In Re: Side-Door Latches | : : : : : : : : : : : : : : : : : : : : : : | Case No. 2:12-cv-00403<br>Case No. 2:12-cv-00603<br>Case No. 2:13-cv-01303<br>Case No. 2:13-cv-01403<br>Case No. 2:13-cv-01603<br>Case No. 2:13-cv-01903<br>Case No. 2:13-cv-02203<br>Case No. 2:13-cv-02503<br>Case No. 2:13-cv-02703<br>Case No. 2:14-cv-02903<br>Case No. 2:15-cv-03203<br>Case No. 2:15-cv-03303<br>Case No. 2:16-cv-03403<br>Case No. 2:16-cv-03503<br>Case No. 2:16-cv-03603<br>Case No. 2:16-cv-03703<br>Case No. 2:16-cv-03803<br>Case No. 2:16-cv-03903<br>Case No. 2:16-cv-04003<br>Case No. 2:17-cv-04303 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | : : | |

# ORDER REGARDING END-PAYOR PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES IN CONNECTION WITH THE ROUND 4 SETTLEMENTS

End-Payor Plaintiffs' ("EPPs") have filed their Motion for an Award of Attorneys' Fees and Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements.

The Court has reviewed the memorandum submitted by EPPs in support of their motion and has also reviewed all of the declarations and submissions relating to the motion filed with the Court. Pursuant to notice given to the Settlement Classes in accordance with the Court's order, the Court held a hearing by video conference on September 17, 2020 to consider the motion.[1]

Based on the entire record of these proceedings and in consideration of all of the submissions and filings made with respect to EPPs' application, and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Court has granted final approval to the settlements referred to by the parties and the Court as the Round 4 Settlements in its Order Granting Final Approval of the Round 4 Settlements.[2] The Court has considered the submissions of the parties and the relevant case law and authority relating to the motion and concludes that awards of attorneys' fees, reimbursement of expenses to Co-Lead Counsel from the litigation fund, and incentive awards to be paid out of

---

[1] Defined terms not otherwise defined herein shall have the meanings ascribed to those terms as noted in End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees and Payment of Incentive Awards to Class Representatives in Connection with the Round Four Settlements and the papers associated with that motion. *See, e.g., Exhaust Systems*, Case No. 2:16-cv-03703, ECF No. 174.

[2] EPPs filed their motion for an award of attorneys' fees and for incentive awards to Class Representatives in the cases that are being settled as to the Settling Defendants that are parties to the Round 4 Settlements. This Order will accordingly be separately entered as an order in each specific case docket to which it applies. The litigation expenses that are the subject of EPPs' motion will be paid from the litigation expense fund previously approved by the Court. If, at the conclusion of this litigation, funds remain in that fund, they will be added to the Settlement Funds for distribution to authorized Class member claimants.

the proceeds of the Round 4 Settlements are appropriate under Federal Rules of Civil Procedure 23(h) and 54(d)(2). Notice of the motion for fees and incentive awards was provided to the potential Settlement Class members pursuant to, and in compliance with, the order of the Court by direct and published notice and a settlement website that identified and made available for inspection the Court's long-form notice and filings in this litigation. The notice given regarding the motion fully satisfied the requirements of Rule 23 and constitutional Due Process.

2. The Court has considered the reaction of class members to the fee request. Out of the millions of potential class members who were given notice or who were made aware of the settlements and the fee request, the Court received no objections to EPPs' motion.

3. The Court engages in a two-part analysis when assessing the reasonableness of a petition seeking an award of attorneys' fees to be paid out of the proceeds of a class action settlement. *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 760 (S.D. Ohio 2007). The Court first determines the method of calculating the attorneys' fees: it applies either the percentage-of-the-fund approach or the lodestar/multiplier method. *Id.*; *Van Horn v. Nationwide Prop. & Cas. Inc. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011).

4. The Court has the discretion to select the appropriate method for calculating attorneys' fees "in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). In common fund cases, whichever method is used, the award of attorneys' fees need only "be reasonable under the circumstances." *Id.* The Court also analyzed and weighed the six factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

5.  Consistent with prior attorneys' fees awards in this litigation, the Court will award fees to EPPs using the percentage-of-the-fund approach. This method of awarding attorneys' fees is preferred in this District because it conserves judicial resources and aligns the interests of class counsel and the class members. *Rawlings*, 9 F.3d at 515; *In re Packaged Ice Antitrust Litig.*, No. 08-md-01952, 2011 WL 6209188, at *16 (E.D. Mich. Dec. 13, 2011); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 502 (E.D. Mich. 2008); *Cardinal*, 528 F. Supp. 2d at 762 (the Sixth Circuit has "explicitly approved the percentage approach in common fund cases"); *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 12-md-2343, 2014 WL 2946459, *1 (E.D. Tenn. Jun. 30, 2014).

6.  The Court hereby authorizes Co-Lead Counsel to pay the expenses of the settlement notice and claims administration from the Round 4 Settlements on a *pro rata* basis.

7.  Co-Lead Counsel have requested a fee award equal to 22% of the Settlement Funds. The award requested is within the range of fee awards made by courts in this Circuit. *In re Prandin Direct Purchaser Antitrust Litig.*, No. 10-cv-12141, 2015 WL 1396473, *5 (E.D. Mich. Jan. 20, 2015) (awarding one-third of the common fund); *In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188, at *19; *Skelaxin*, 2014 WL 2946459, at *1; *In re Southeastern Milk Antitrust Litig.*, No. 08-md-1000, 2013 WL 2155387, at *8 (E.D. Tenn. May 17, 2013); *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 528 (E.D. Ky. 2010); *Bessey v. Packerland Plainwell, Inc.*, No. 4:06-CV-95, 2007 WL 3173972, at *4 (W.D. Mich. 2007); *Delphi*, 248 F.R.D. at 502-03; *In re National Century Financial Enterprises, Inc. Investment Litig.*, 2009 WL 1473975, *3 (S.D. Ohio, May 27, 2009); *Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 503 (E.D. Mich. 2000).

8. As noted below, the Court has previously made interim fee awards equal to 20% of the principal amount of the Round 1 Settlements; 20% of the Round 2 Settlements, net of litigation expenses; and 25% of the Round 3 Settlements, net of litigation expenses.

9. The Court has considered the six *Ramey* factors in weighing a fee award to Co-Lead Counsel: (1) the value of the benefits rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis [*i.e.*, the lodestar cross-check]; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Ramey*, 508 F.2d at 1196.

10. The Court has carefully analyzed the settlements and applied the *Ramey* factors to EPPs' motion and concludes that the factors are met and justify an interim fee award to Co-Lead Counsel. The Round 4 Settlements collectively total $183,958,000,[3] and provide substantial cash and non-monetary benefits, including, with few exceptions, extensive discovery cooperation from all Settling Defendants and injunctive relief prohibiting certain conduct at issue in the litigation from all but a few of the Settling Defendants who are parties to the Round 4 Settlements.[4]

---

[3] Pursuant to a settlement with the Reorganized TK Holdings Trust ("TKH") in bankruptcy proceeding, Co-Lead Counsel have secured a $53,200,000 authorized claim against TKH, but they expect to receive only a small fraction of this amount for distribution to the classes. Because the ultimate settlement amount in connection with the TKH settlement remains undetermined at this time, this figure was not included in Co-Lead Counsel's calculation of the Round 4 settlement proceeds. TKH is also the only Settling Defendant which is not required to provide cooperation under its settlement agreement.

[4] Cooperation obligations of certain defendants are in certain cases deemed mostly satisfied once final judgment as to all defendants in those cases has been entered and all appeals, if any, have been exhausted. However, even in these circumstances, the Settling Defendants are still required to provide cooperation in the form of providing vehicle lists and to produce to the EPPs documents that they produce to other parties.

11. Courts in the Sixth Circuit weigh "society's stake in rewarding attorneys who [obtain favorable outcomes for a class] in order to maintain an incentive to others," and counsel's success in complex antitrust litigation "counsels in favor of a generous fee." *Cardizem*, 218 F.R.D. at 534 (internal quotation marks omitted). The substantial recoveries obtained by EPPs to date serve the strong public policy of holding accountable those who violate the antitrust laws, thereby promoting fair competition and honest pricing.

12. EPP Class Counsel have worked on a contingent basis and the results of this litigation have never been certain.

13. The legal and factual issues in this litigation are complex and the parties have zealously asserted their claims and defenses. Co-Lead Counsel have asserted a number of claims under both federal and state antitrust laws, as well as state consumer protection and unjust enrichment laws. Likewise, issues attendant to serving and conducting discovery against numerous foreign defendants located around the world compound the complexity of this case.

14. The Court is satisfied that these settlements were the result of arm's-length negotiations conducted in good faith by informed and experienced counsel, and, in many cases, with the assistance of highly experienced mediators.

15. The *Ramey* factors and a cross-check of the lodestar incurred by EPP Class Counsel suggest that EPP Class Counsel are entitled to appropriate compensation to take into account the risks they assumed, the magnitude of work done, and the benefits achieved for the members of the Settlement Classes. Here, Co-Lead Counsel reviewed all EPPs' attorney time submissions received through September 30, 2019, and included detailed information about the resulting lodestar in EPPs' motion. EPP Class Counsels' lodestar in this litigation totals $154,782,333.18, from March 23, 2012 through September 30, 2019, calculated in accordance

with EPP Class Counsels' current hourly rates.[5] These hours and rates are reasonable and justified given the length and complexity of this litigation and EPP Class Counsels' many years of experience in prosecuting complex antitrust class actions. Further, the defendants in these cases are represented by some of the most prominent antitrust defense lawyers in the world. EPP Class Counsels' hourly rates are also in-line with the market. In each of the EPP Class Counsel firm's declarations, only the most senior attorneys list hourly rates above $700. These rates are well in line with the market, with recent reports explaining that senior lawyers at top law firms routinely charge well over $1,000. *See* Sara Randazzo & Jacqueline Palank, *Legal Fees Cross New Mark: $1,500 an Hour*, WALL ST. J., Feb. 9, 2016, available at https://www.wsj.com/articles/legal-fees-reach-new-pinnacle-1-500-anhour-1454960708 ("Despite low inflation and weak demand for legal services, rates at large corporate law firms have risen by 3% to 4% a year since the economic downturn").

16. Accordingly, the Court **GRANTS** an award of attorneys' fees to Co-Lead Counsel equal to 22% of the Round 4 Settlements including a *pro rata* share of the interest earned thereon, excluding the yet to be determined TKH settlement amount. This award, taken together with the prior awards from the Round 1 Settlements, Round 2 Settlements, and Round 3 Settlements will result in a total award equal to 22.05% of the proceeds of the four rounds of settlements, excluding

---

[5] The Court determines that the time included in connection with the Round 1, Round 2, and Round 3 Settlement fee requests should be included in the lodestar/multiplier cross-check for the Round 4 Settlements. In calculating the lodestar for purposes of the cross-check, it would be impractical to compartmentalize and isolate the work that EPP Class Counsel did in any particular case at any particular time because all of their work assisted in achieving all of the settlements and has provided and will continue to provide a significant benefit to all of the EPP classes. *See Southeastern Milk*, 2013 WL 2155387, at *7-8 (rejecting objection based on the proposition that the calculation of class counsel's lodestar should be limited to work performed after the period covered by a prior fee award); *Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142 (9th Cir. 2000) (same).

the TKH settlement. The Round 4 attorneys' fees, totaling $40,470,760.00, together with a *pro rata* share of the interest earned thereon, shall be paid on a *pro rata* basis from the net settlement funds provided by each of the Round 4 Settlements currently before the Court.

17. Using the lodestar/multiplier cross-check methodology and reviewing the total fees awarded against the lodestar generated on these cases from March 23, 2012 to September 30, 2019, the 22% fee awarded results in an overall lodestar/multiplier of 1.74, excluding the TKH settlement. Such a multiplier is well within, if not substantially below, the range of reasonable multipliers awarded in similar contingent fee cases. *See In re Prandin*, 2015 WL 1396473, at *14 (awarding attorneys' fees in the amount of one-third of a $19 million settlement fund, which equaled a multiplier of 3.01); *Bailey v. AK Steel Corp.*, No. 1:06-cv-468, 2008 WL 553764, at *3 (S.D. Ohio Feb. 28, 2008) (awarding attorneys' fees with a multiplier of approximately 3). This interim fee award is reasonable in light of the complexity of this litigation, the results achieved for the class members to date, the work and labor of EPP Class Counsel, and the risks assumed by EPP Class Counsel.

18. Co-Lead Counsel are hereby authorized to allocate the attorneys' fees awarded herein among EPP Class Counsel who performed work on behalf of EPPs in accordance with Co-Lead Counsel's assessment of each firm's contribution to the prosecution and settlement of these actions.

19. Co-Lead Counsel have also requested a total of $565,000 in incentive awards to be paid to fifty-nine named Class Representatives. Co-Lead Counsel have split those Class Representatives into two groups based on their contributions to the cases.

20. The first group ("Group 1") is comprised of the following five individuals: (1) Jane Butler; (2) Melissa Croom; (3) Theresia Dillard; (4) James Phelps; and (5) Bonnie Vander

Meulen. Co-Lead Counsel have proposed that each of these individuals would receive a single $5,000 award per person.

21. The second group ("Group 2") is comprised of the following fifty-four individuals: (1) Ifeoma Adams; (2) Halley Ascher; (3) Gregory Asken; (4) Melissa Barron; (5) Kimberly Bennett; (6) David Bernstein; (7) Ron Blau; (8) Tenisha Burgos; (9) Kent Busek; (10) Jennifer Chase; (11) Rita Cornish; (12) Nathan Croom; (13) Lori Curtis; (14) Jessica DeCastro; (15) Alena Farrell; (16) Jane Fitzgerald; (17) Frances H. Gammell-Roach; (18) Carroll Gibbs; (19) Dori Gilels; (20) Jason Grala; (21) Ian Groves; (22) Curtis Gunnerson; (23) Paul Gustafson; (24) Tom Halverson; (25) Curtis Harr; (26) Andrew Hedlund; (27) Gary Arthur Herr; (28) John W. Hollingsworth; (29) Carol Ann Kashishian; (30) Elizabeth Kaufman; (31) Robert P. Klingler; (32) Kelly Klosterman; (33) James E. Marean; (34) Michelle McGinn; (35) Rebecca Lynn Morrow; (36) Edward T. Muscara; (37) Stacey R. Nickell; (38) Sophie O'Keefe-Zelman; (39) Roger D. Olson; (40) William Dale Picotte; (41) Whitney Porter; (42) Cindy Prince; (43) Janne Rice; (44) Robert M. Rice, Jr.; (45) Darrel Senior; (46) Meetesh Shah; (47) Darcy C. Sherman; (48) Erica J. Shoaf; (49) Arthur Stukey; (50) Kathleen A. Tawney; (51) Jane Taylor; (52) Keith Uehara; (53) Michael Wick; and (54) Phillip G. Young. Co-Lead Counsel have proposed that each of these individuals would receive a single $10,000 award per person.

22. This is the first time Co-Lead Counsel have requested incentive awards on behalf of the Class Representatives. Notice that EPPs would be requesting incentive awards for the Class Representatives was included in the published notice given to the Settlement Classes. And Co-Lead Counsel have only requested $565,000 in incentive awards, which is equal to approximately 0.3% of the Round 4 Settlement Funds, excluding the TKH settlement.

23.     The Sixth Circuit has noted that incentive awards are typically awarded to class representatives for their extensive involvement with a lawsuit. *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Awards encourage members of a class to become class representatives and reward their efforts taken on behalf of the class. *Id.* Payment of incentive awards to class representatives is a reasonable use of settlement funds. *Moulton v. U.S. Steel Corp.,* 581 F.3d 344, 351 (6th Cir. 2009). Courts have approved incentive awards of up to $15,000 for individual plaintiff class representatives for providing information to class counsel, receiving and approving pleadings, assisting in discovery, and participating in settlement discussions. *See In re CMS Energy ERISA Litig.*, No. 02-72834, 2006 WL 2109499, at *3 (E.D. Mich. June 27, 2006). Courts have also provided awards of $10,000 for class representatives who "searched their personal records multiple times to locate documents" in addition to "testif[ying] via depositions" and awards of $5,000 for class representatives who "participated in discovery by locating and producing documents." *The Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, Case No. 2:10-cv-14360-DPH-MKM, ECF No. 364 at pp. 27.

24.     After reviewing the request for incentive awards, the Court finds that the awards requested are reasonable. Here, Class Representatives provided discovery and assistance in a litany of cases, sometimes in as many as forty-one cases.

25.     As to the individual awards to Group 1, these Class Representatives provided important and indispensable service to the Settlement Class. They searched their personal records to locate documents responsive to discovery requests and provided information to Co-Lead Counsel. They also came forward to serve as named plaintiffs. The Court finds that the requested incentive awards for this set of Class Representatives are reasonable in light of their participation

during the discovery phase of the litigation. Their participation in this litigation benefitted the Classes.

26. As to the individual awards to Group 2, the individuals in this group participated in discovery by locating and producing documents, came forward as Class Representatives in many, if not all, of the EPP cases, provided Co-Lead Counsel with information, in most cases provided verified responses to interrogatories and, most importantly, testified in a deposition. In light of these significant contributions, the Court finds that their services in the litigation supports the requested incentive awards.

27. These incentive awards, totaling $565,000, shall be paid on a *pro rata* basis from the net settlement funds provided by each of the Round 4 Settlements currently before the Court.

**IT IS SO ORDERED.**

Dated: September 23, 2020            s/Sean F. Cox
                                     Sean F. Cox
                                     U. S. District Judge